

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| MAJOR RICHARD RYNEARSON, §<br>Plaintiff, §<br>§<br>§<br>v. §<br>§<br>UNITED STATES OF AMERICA; §<br>AGENT LANDS, Border Patrol Agent, §<br>Individually; and RAUL PEREZ, §<br>Border Patrol Agent, Individually, §<br>Defendants. § | Civil Action No.<br>DR-12-CV-24-AM/CW |

## ORDER

Pending before the Court is the Report and Recommendation of the Honorable Collis White, United States Magistrate Judge, filed June 28, 2013. (ECF No. 41.) In this report, Judge White recommends that the Motion to Dismiss All Claims Asserted Against the United States and Customs and Border Protection for Lack of Subject Matter Jurisdiction be **GRANTED**. For the following reasons, this Report and Recommendation will be **ADOPTED**. Accordingly, all claims against the United States and Customs and Border Protection are **DISMISSED**.[1]

No party filed objections to Judge White's Report and Recommendation. Thus, the Court need not conduct a *de novo* review of the pending matter. Rather, the Court must only review the Report and Recommendation to determine whether it is erroneous or clearly contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

This Court, having examined the Report and Recommendation, finds that Judge White's findings and conclusions are neither erroneous nor contrary to law. Plaintiff Major Richard

---

[1] Although Customs and Border Protection is not listed in the style of the case, it is referenced as a "Defendant" in paragraph 7 of the Plaintiff's amended complaint so, in light of this ambiguity, this Court will proceed as though Customs and Border Patrol is a defendant in the present matter.

Rynearson filed suit on March 16, 2012, seeking redress for various constitutional claims and tort claims arising from an allegedly unconstitutional immigration stop that occurred at the Uvalde County, Texas immigration checkpoint. The Plaintiff amended his complaint on August 23, 2012, and included the following causes of action: (1) Count One: negligence and/or gross negligence; (2) Count Two: false arrest and imprisonment; (3) Count Three: intentional infliction of emotional distress; (4) Count Four: violations of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments as a result of an impermissibly extended immigration stop; (5) Count Five: a *Bivens* action for false imprisonment and unreasonable search and seizure; (6) Count Six: a *Bivens* action for failure of Agent Perez to supervise Agent Lands and a failure of both Defendants to intervene; and (7) a claim that Agent Lands and Agent Perez conspired to violate the Plaintiff's Fourth Amendment rights.

Judge White recommends dismissal of Count One, Count Two, and Count Three (all tort claims) for lack of subject matter jurisdiction resulting from the failure of the Plaintiff to timely file suit after the denial of his administrative claims. A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to challenge the subject matter jurisdiction of the district court to hear a claim. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Sovereign immunity divests courts of subject matter jurisdiction for claims against the United States, absent an express waiver from Congress. *Hebert v. United States*, 438 F.3d 483, 487-88 (5th Cir. 2006). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., specifically waives immunity for tort claims brought against the United States. *See In re FEMA Trailer Formaldehyde Products Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012). For a court to have subject matter jurisdiction over a claim filed pursuant to the FTCA, the plaintiff must strictly comply with two procedural requirements: (1) present the claim in writing to the

appropriate agency within two years of accrual of the claim, and (2) file an action in the district court within six months of the notice of the final denial of the claim by the administrative agency. *See* 28 U.S.C. § 2401(b); *Ramming*, 281 F.3d at 165 (acknowledging that the statute of limitations in 28 U.S.C. § 2401(b) is jurisdictional).

The Plaintiff filed an administrative claim with Customs and Border Protection on September 14, 2010. (ECF No. 27-2, Exhibit B.) The final notice of denial was mailed to the Plaintiff's counsel on January 11, 2011. (ECF Nos. 27-3, 27-4.) The Plaintiff did not file suit in this Court until March 16, 2012, over one year after the denial of his administrative claim, thus stripping this Court of jurisdiction to consider the tort claims. Furthermore, Judge White correctly notes that CBP has not waived its sovereign immunity for tort claims so any pending tort claims against CBP must be dismissed. *See Atorie Air, Inc. v. Fed. Aviation Admin.*, 942 F.2d 954, 957 (5th Cir. 1991).

The remaining causes of action are constitutional claims that appropriately fall under *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971), which provides a remedy for victims of constitutional violations by federal officers in their individual capacities. *See Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 286 (5th Cir.1999). This wavier, however, does not extend to the United States. *Id.* Because sovereign immunity has not been waived by the United States or CBP for the constitutional claims, Judge White recommends the dismissal of the remaining counts against the United States and CBP.

      Accordingly, the Report and Recommendation prepared by Judge White is **ADOPTED**. The motion to dismiss for lack of subject matter jurisdiction for the claims against the United States and CBP is **GRANTED**. Accordingly, all claims against Defendants United States of America and CBP are hereby **DISMISSED** (ECF 27).

      Entered on this 30th day of September 2013.

_____
ALIA MOSES
UNITED STATES DISTRICT JUDGE